Garha v. Sessions

BIA
Gordon-Uruakpa, IJ
A075 261 527

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of December, two thousand seventeen.

PRESENT:
> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

JAGTAR SINGH GARHA,
> *Petitioner,*

v.                                                      16-2498
                                                        NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Khagendra Gharti-Chhetry, New York, NY.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant Attorney General; Keith I. McManus, Assistant Director; Regan Hildebrand, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jagtar Singh Garha, a native and citizen of India, seeks review of a June 14, 2016, decision of the BIA affirming a May 14, 2015, decision of an Immigration Judge ("IJ") denying Garha's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re* Jagtar Singh Garha*, No. A075 261 527 (B.I.A. June 14, 2016), *aff'g* No. A075 261 527  (Immig. Ct. N.Y. City May 14, 2015).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision, but not the reasons for denying relief that the BIA did not reach.  *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005).  The applicable standards of review are well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Under the REAL ID Act of 2005, the agency may, in light of "the totality of the circumstances," base an adverse credibility determination on inconsistencies and implausibilities in an applicant's statements.  8 U.S.C.

2

§ 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165 (2d Cir. 2008).  In conducting "substantial evidence" review, the Court "defer[s] . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167.

Substantial evidence supports the ruling against Garha. His testimony diverged from his written submissions with respect to multiple key dates.  He testified that he joined the Akali Dal Party in January 1985, but his first asylum application said he joined in June 1985.  He testified that the police arrested him in February 1985, but his first asylum application said February 1996.  He testified variously (and confusingly) that he first entered the United States in September 1996, December 1988, and August 1988, but his second asylum application said December 1988.  He testified that he returned to India in 1988, 1989, and 1990, but his second asylum application said 1988, 1990, and 1992.

The agency also reasonably found that Garha failed to submit reliable documentary evidence.  An asylum applicant's failure to corroborate may bear on his credibility, "because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called

3

into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Garha submitted four nearly identical affidavits from friends and relatives, all dated in 2014, about his arrest and beating in 1985. Garha testified that he had no Akali Dal membership card (which the party issues each year) because he threw his away in 1985. His only documentary evidence of membership was a 2014 party letter identifying him as an active member and describing his arrest and beating based on secondhand information. The agency was within its discretion to give these documents little or no evidentiary weight. *Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) ("We defer to the agency's determination of the weight afforded to an alien's documentary evidence."); *Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 524 (2d Cir. 2007) (explaining that the Court "has firmly embraced the commonsensical notion that striking similarities between affidavits are an indication that the statements are 'canned'"). Relatedly, the agency was entitled to deem implausible the notion that Garha was a member of the Akali Dal Party for thirty years without any more to show for it. That implausibility finding was "tethered to record evidence," or to be more precise, the lack of any record evidence. *Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007).

The totality of the circumstances supports the agency's adverse credibility determination. Garha's asylum, withholding of removal, and CAT claims were all based on the same factual predicate, and so the credibility determination was dispositive as to all three forms of relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk